Dissenting Opinion by
Hoffman, J.:
It is clear to me that an actual conflict of interest arose in this case. As the majority opinion indicates, defendant was still without counsel when he appeared for trial. At that time, John J. Cohen, Esquire, who had been employed and paid by one of his co-defendants, Harry G. Owens, was appointed by the court to represent him. The majority then continues: “It also appeared in the record that Owens had made a prior statement admitting his guilt and implicating the appellant. This statement was read into the testimony.”
The cases cited by the majority make clear that the potentiality of harm furnishes the appropriate criterion in determining the existence of conflict. Certainly, there is reason to suspect that counsel might be unwilling to vigorously cross-examine one of his client-defendants, and undermine his credibility, for the purpose of defending the other. Indeed, to do so, would have constituted a conflict with regard to the co-de *482 fendant being cross-examined. Nor should we ignore the fact that this would have required that he attack the client who had employed and paid him for the sake of protecting the indigent, appointed client.
I do not here question the competency or good intentions of defense counsel. This case demonstrates to me, once again, however, that it is the rare case in which counsel can adequately represent more than one defendant and that courts should be most hesitant in allowing this. Too often, the potential conflict is not recognized until the trial has begun. In such circumstances, the loss of time and expense to all parties and the Commonwealth far exceeds whatever minor savings are obtained by allowing multiple representation of defendants.
I would vacate the judgment of sentence and grant a new trial.